IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOSEPH REID, III, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 3:13CV719–HEH |
| WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Granting Respondent's Motion to Dismiss)

Joseph Reid, III, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court") for attempted murder, aggravated malicious wounding, discharging a firearm in a public place and two counts of use of a firearm in the commission of a felony. Reid demands relief upon the following claim: "The evidence was constitutionally insufficient to support petitioner's conviction for attempted murder and the associated use of a firearm in the conviction of a felony charge because he lacked the requisite intent [to] kill the victim when he shot him." (Br. Supp. § 2254 Pet. 2, ECF No. 1–1 (spacing corrected).) Respondent moves to dismiss on the grounds that, *inter alia*, Reid's claim lacks merit. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be granted.

## I. ANALYSIS

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318. Here, Reid contends the prosecution failed to produce sufficient evidence of his intent to kill the victim, Thomas Holmes. As recited below, such a claim utterly lacks merit.

On March 28, 2007, Holmes and Reid, along with about 500 other people attended a musical event at the Granby Theatre in Norfolk. According to the prosecution's witnesses, Holmes and an individual referred to as "Head" began to argue. (Apr. 28, 2009 Tr. 207.) Holmes thought that Head and his ten or so associates, including Reid, were going to "bank him." (Apr. 28, 2009 Tr. 185, 187–88.)[1] Reid tried to intervene in the argument.[2] Reid then backed up, pulled out a gun and shot Holmes three to five times. Reid placed the gun back in his waist band and walked away. However, after a

---

[1] "Banking" occurs "[w]hen a lot of people jump on one person." (Apr. 28, 2009 Tr. 189.)

[2] According to Charles Godfrey, an associate of Reid's, Holmes swung a bottle at Reid. (Apr. 28, 2009 Tr. 183.) Todd Cook, a friend of Holmes, testified that Holmes did not have anything in his hands during the argument with Reid. (Apr. 28, 2009 Tr. 208.)

2

few moments, Reid turned around, and walked back to where Holmes lay prone on the ground. According to at least four separate witnesses, Reid then shot Holmes three to five more times in the stomach and groin area as Holmes lay on the ground. The police apprehended Reid just outside of the Granby Theatre with the gun he used to shoot Holmes.

Holmes suffered a total of nine gunshot wounds to his abdomen, groin and the upper part of his legs. At the time of the trial, Holmes was confined to a nursing home. Holmes could not walk, talk, feed himself, or bathe himself.

Reid testified in his own defense. Reid testified that he did not bring a gun to the theater. Reid asserted that after Holmes struck him with a bottle, they "started tussling." (Apr. 29, 2009 Tr. 250.) During the tussle, a gun fell from Holmes's waist area. Reid testified that he retrieved the gun and shot Holmes because he feared that Holmes would kill him.

Reid denied that he stopped shooting, walked away, and came back and shot Holmes again. Reid admitted that he lied to the police when he denied his lack of involvement in the shooting. Reid failed to provide a good explanation as to why he left the Granby Theatre with the gun. No other witness supported Reid's testimony about his tussle with Holmes prior to the shooting.

Considering the testimony at trial in the light most favorable to the prosecution, the evidence overwhelming demonstrates that Reid intended to kill Holmes.[3] According

---

[3] Reid argues that he lacked the requisite intent to kill "for the second set of shots, because [he] was in such a superior position to Mr. Holmes that he could have carried out whatever damage he wanted." (Br. Supp. § 2254 Pet. 4.) Apparently, Reid suggests that

3

to the testimony of numerous, independent witnesses, Reid shot Holmes multiple times while Holmes lay prone on the ground. Accordingly, Reid's claim will be dismissed.

## II. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 7) will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Reid fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

                                             /s/
                               HENRY E. HUDSON
                               UNITED STATES DISTRICT JUDGE

Date: April 24, 2014
Richmond, Virginia

---

because, as Holmes lay on the ground, Reid shot Holmes multiple times in the groin and stomach rather than in the head, a reasonable juror would have to conclude that Reid did not intend to kill Holmes. Reid is incorrect. Many a reasonable juror could conclude that Reid continued to shoot Holmes in the groin and stomach area because such injuries would cause a more painful death.

4