IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOSEPH REID, III, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 3:13CV719–HEH |
| WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Denying Petitioner's Motion to Reconsider)

Joseph Reid, III, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court") for attempted murder, aggravated malicious wounding, discharging a firearm in a public place and two counts of use of a firearm in the commission of a felony. Reid demanded relief upon the following claim: "The evidence was constitutionally insufficient to support petitioner's conviction for attempted murder and the associated use of a firearm in the conviction of a felony charge because he lacked the requisite intent [to] kill the victim when he shot him." (Br. Supp. § 2254 Pet. 2, ECF No. 1–1 (spacing corrected).) By Memorandum Opinion and Order on April 25, 2014, the Court denied the § 2254 Petition and dismissed the action. *See Reid v. Warden*, No. 3:13CV719–HEH, 2014 WL 1669061, at *2 (E.D. Va. Apr. 25, 2014).

On May 22, 2014, the Court received a "RULE 60 MOTION" from Reid, wherein he requests that the Court reconsider the decision to deny his § 2254 Petition. Because Reid filed his motion within twenty-eight (28) days of this Court's entry of the April 25, 2014 Memorandum Opinion and Order, the Court construes his motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (citation omitted) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.").

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Reid fails to satisfy any of the above grounds for relief under Rule 59(e). Accordingly, Reid's motion (ECF No. 13) will be denied. The Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

                                              /s/
                                     HENRY E. HUDSON
                                     UNITED STATES DISTRICT JUDGE

Date: Oct. 6, 2014
Richmond, Virginia